UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO.  06-05

LINDA WELLS BACK,                                                    PLAINTIFF

v.                          **MEMORANDUM OPINION & ORDER**

KEITH A. HALL, ET AL.,                                              DEFENDANTS

* * * * * * * * *

This action is before the Court on Motions to Dismiss [R. 7 and 8] filed by Defendants Keith

Hall, Joel Schrader, Alecia Webb-Edgington and the Commonwealth of Kentucky, Office of

Homeland Security.  For reasons stated below, the motions are GRANTED IN PART and DENIED

IN PART.

**I. Factual Background**

During the administration of Democratic Governor Paul Patton, Plaintiff Linda Wells Back

was hired as a Grants and Contracts Administrator in the Kentucky Office of Homeland Security

("OHS").  Beginning on or about February 16, 2003 and continuing throughout her employment with

OHS,  Back was a merit system employee as classified under KRS 18A.

During the transitional period that followed the November, 2003 gubernatorial election,

Back asserts that she helped to hire and train political appointees, who were given less responsibility

and paid more than  Back.  Later, in April, 2004, Republican Joel Schrader became Deputy Director

of OHS and allegedly, invoked partisan political considerations both in awarding grants and hiring

OHS personnel.  After voicing concerns about Shrader's  alleged partisan activity, Back maintains

that she was excluded from the  process of hiring OHS employees.

In September, 2004, Keith A. Hall became Director of OHS.  Back asserts that like Shrader,

-1-

Hall was a Republican operative.  Over the months that followed,  Back asserts that she "voiced concerns" regarding what she perceived to be improper political partisanship in awarding and administering Homeland Security Grants.   On January 2005, Shrader and Hall served Back with a letter signed by OHS Appointing Authority Jamie Link, terminating Back's employment with OHS.  Back claims she was fired in retaliation for exercising her First Amendment rights of  free speech and association.  Accordingly,  Back seeks monetary and injunctive relief under 42 U.S.C. §1983 and KRS 446.070.

## II. Analysis

In order to prevail on a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), all of the allegations in a plaintiff's complaint must be accepted as true, and the complaint must be construed liberally in favor of the non-moving party.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Dismissal is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint.  *Inge v. Rock Financial Corp*., 281 F.3d 613 (6th Cir., 2002)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984))(internal quotations omitted.).  However,  the Court need not accept as true any legal conclusions or unwarranted factual inferences contained therein.  *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971).

Each of the four defendants asserts a  different basis for dismissal.  Accordingly, they will be considered separately.

### A. Commonwealth of Kentucky, Office of Homeland Security

The Eleventh Amendment to the United States Constitution preserves the sovereign immunity of states and bars all claims against them in federal court absent their consent.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97-98 (1984).  Thus, the Commonwealth of

-2-

Kentucky and its agencies are immune from actions for damages or injunctive relief in federal court.

### B. Alecia Webb-Edgington

As stated above, the Eleventh Amendment to the United States Constitution preserves the sovereign immunity of states and bars all claims against them in federal court absent their consent. It also bars suits seeking monetary damages against individuals in their official capacities, but does not preclude suits seeking prospective injunctive relief against state officials. *Thickol Corp. v. Department of Treasury,* 987 F. 2d 376 (6th Cir. 1993)(citing *Ex parte Young* 209 U.S. 123 (1908)). Webb-Edgington is currently the Director of the Kentucky Office of Homeland Security.  In her pleadings, Back concedes that she is not entitled to monetary relief from Webb-Edgington.  Rather, she seeks injunctive relief from Back under §1983.  However, Plaintiff provides no legal authority in support of her claim that Webb-Edgington has the authority to reinstate her employment. Accordingly, Back's federal and state law claims for injunctive relief against Webb-Eddington will be dismissed.  However, as prospective injunctive relief is available against state officials in §1983 actions, Plaintiff is hereby granted leave to amend her complaint so as to name the appropriate state official invested with the authority to reinstate Back to classified employment.[1]

### C. Keith Hall and Joel Shrader, in their Official Capacities

For reasons stated above, all federal and state law claims for monetary damages brought against Defendants Hall and Shrader in their official capacities will be dismissed.

### D. Keith Hall and Joel Shrader, in their Individual Capacities

Both defendants claim that they are entitled to qualified immunity on Plaintiff's §1983

---

[1]In their Reply Memorandum [R.11], Defendants OHS, Schrader and Webb-Edgington suggest that Jamie Link in her official capacity as Executive Director of the Office of Administrative Services would be the appropriate named defendant for purposes of §1983 injunctive relief claims.

claims.  They also assert that  because she has failed to exhaust required administrative remedies,

Back is barred from proceeding against them in this court for violations of KRS 18A.140, which

embodies Kentucky's merit protection system for classified state employees.

### 1.  Qualified Immunity as to Defendants Hall and Shrader

Generally, government officials performing discretionary functions are shielded from

liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 475

U.S. 800, 818 (1982).  In determining whether this standard is met, this Court must engage in a three

step analysis.  First, it must determine whether the facts viewed in the light most favorable to the

plaintiff show that a constitutional violation has occurred.  Second, the court must consider whether

the violation was of a "clearly established right."  Finally, the Court must assess whether the

defendant's alleged conduct was objectively unreasonable in light of clearly established law.

*Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003).  *See also*, *Sample v. Bailey*, 409 F.3d 689 (6th

cir.2005)(noting that the Sixth Circuit's three- part test articulated in *Feathers* comports with the

Supreme Court's two-step inquiry outlined in *Saucier v. Katz,* 533 U.S. 194 (2001)).

All three *Feathers* factors are present in Plaintiff's Complaint, which alleges that Hall and

Shrader terminated Back's employment because of her political affiliation and  vocal criticism of

their alleged partisan employment practices.  Without question, freedom of political association and

speech are rights clearly protected by the First Amendment to the United States Constitution. *Rutan*

*v. Republican Party of Illinois*, 497 U.S. 62 (1990).  Moreover, as high ranking state officials who

exercised direct supervisory authority over this defendant, Hall and Shrader were statutorily

prohibited from discriminating or retaliating against any merit system employee because of their

political affiliation.[2]   *See,* KRS 18A.140.  Given that Hall and Shrader were charged with supervising state employees, any alleged political discrimination or retaliation by them would be been objectively unreasonable in light of clearly established law.  Accordingly, Hall and Shrader are not entitled to qualified immunity and Plaintiff may proceed on her §1983 claims against them in their individual capacities.

### 3.  Exhaustion of Administrative Remedies

In addition to her Section 1983 claims, Back has asserted state claims against Hall and Schrader, alleging that her dismissal constituted a violation of state law, specifically, KRS 18A.140 which prohibits dismissal of any state employee in classified service due to their political opinions or affiliation.

"As a general rule, exhaustion of administrative remedies is a jurisdictional prerequisite to seeking judicial relief." *Commonwealth v. DLX Inc.,* 42 S.W.3d 624, 625 (Ky. 2001).  A Plaintiff's failure to avail herself of these administrative remedies deprives a District Court from jurisdiction over her claim.  *Durham v. Mason & Dixon Lines Inc.,* 404 F.2d 864, 864 (6th Cir. 1968).  In this case, the state of Kentucky has a clearly established procedure for addressing claims brought pursuant to its merit protection law.  Contrary to Plaintiff's contentions, the exhaustion requirement is waived only when a Plaintiff presents a facial challenge to a particular statute. *See DLX Inc.,* 42 S.W.32 at 526 .  When as here, the Constitutional claims are of the same nature as the statutory claims and require an initial finding by the administrative agency of a violation (in this case dismissal due to political affiliation in violation of KRS 18A.140), the Plaintiff's state law claim is

---

[2]Although Hall and Shrader claim that they had no authority to make personnel decisions for OHS,  §1983 extends to public officials who may cause an employee to be terminated on unconstitutional grounds. *See, Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990).   As the Plaintiff's direct supervisors, Hall and Schrader had knowledge of and the ability to review her job performance and thus cause personnel actions taken against her.

barred by the exhaustion requirement of KRS 18A.095(15).

**III.  Conclusion**

WHEREFORE, IT IS HEREBY ORDERED;

1.  The Motion to Dismiss all claims brought against the Commonwealth of Kentucky, Office of Homeland Security [R. 8], is  GRANTED;

2.  The Motion to Dismiss all claims brought against Alecia Webb-Edgington in her Official Capacity [R. 8] is  GRANTED;

3.  The Motion to Dismiss all claims brought against Joel Shrader [R.8]  is GRANTED IN PART and DENIED IN PART.  All claims brought against Defendant Shrader in his official capacity and all state law claims brought against Defendant Shrader in both his personal and official capacities are hereby dismissed.  However, Back may proceed on her §1983 claim against Shrader in his individual capacity;

4.  The Motion to Dismiss all claims brought against Keith Hall [R. 7] is hereby GRANTED IN PART and DENIED IN PART.  All claims brought against Hall in his official capacity and all state law claims brought against Hall are hereby dismissed.  However, Back may proceed on her §1983 claim against Hall in his individual capacity.

This the 29th day of September, 2006.



Signed By:

_Karen K. Caldwell_

**United States District Judge**