UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at FRANKFORT**

| | |
|---|---|
| LINDA WELLS BACK, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:06-5-JMH |
| | ) |
| v. | ) |
| | ) |
| KEITH A. HALL, et al., | ) |
| | ) **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on two motions, Defendant Keith A. Hall's motion for qualified immunity [Record No. 44],[1] and Defendant Joel Schrader's motion for judgment on the pleadings [Record No. 46]. As both motions have been fully briefed by the parties, they are ripe for review.

**I. Background**

The facts of this case were thoroughly recited in the September 29, 2006, Memorandum Opinion and Order granting in part and denying in part the defendants' motions to dismiss, so the Court will only briefly describe the background. Beginning on or about February 16, 2003, Back was a merit system employee as classified under KRS 18A with the Kentucky Office of Homeland

---

[1] On September 29, 2006, the Honorable Karen K. Caldwell entered an order granting in part and denying in part two motions to dismiss filed by Defendants Hall, Joel Schrader, Alecia Webb-Edgington, and the Commonwealth of Kentucky, Office of Homeland Security. As part of the order, the Court held that Hall and Schrader were not shielded from liability based on qualified immunity. Because Hall did not argue qualified immunity in his motion to dismiss, the Court has construed the motion to reconsider [Record No. 40] as a motion for qualified immunity [Record No. 44].

Security ("KOHS"). On September 1, 2004, however, Back resigned her position as Grants and Contracts Administrator and accepted a position as an Internal Policy Analyst III, another merit system position. At the time of her termination on January 19, 2005, Plaintiff had not been in her new position for six months and therefore was a probationary employee under KRS § 18A.111. Essentially, Back alleges in her complaint that she was fired in retaliation for exercising her First Amendment rights of free speech, that is, decrying the role of partisan politics in hiring, and association, that is, being a registered Democrat. She seeks monetary and injunctive relief under 42 U.S.C. § 1983 and KRS § 446.070.

## II. Hall's Motion for Qualified Immunity and Schrader's Motion for Judgment on the Pleadings

In his motion, Defendant Keith Hall claims that he is entitled to qualified immunity from Back's suit. Defendant Joel Schrader has moved for judgment on the pleadings. Schrader argues that Back's complaint fails to establish that she engaged in any activity protected by the First Amendment and is thus deficient as a matter of law. The Court will first examine Schrader's motion because Back's capacity to establish a constitutional violation affects whether Hall is entitled to qualified immunity.

A motion for judgment on the pleadings under Rule 12(c) is designed to dispose of cases in which material facts are not in dispute between the parties and a judgment on the merits is

appropriate. The standard of review applicable to a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988). When evaluating a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the claims that would entitle her to relief. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000).

Relying on *Garcetti v. Ceballos*, — U.S. —, 126 S. Ct. 1951 (2006), Schrader contends that Back's own pleadings show that she has not engaged in any First Amendment protected activity; therefore, her claim is legally deficient and should be dismissed. To state a First Amendment retaliation claim, Back must establish:

> "(1) that [she] was engaged in a constitutionally protected activity; (2) that the defendant's adverse action caused [her] to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of [her] constitutional rights."

*Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000) (quoting *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998)). Under *Garcetti*, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 126 S.

3

Ct. at 1960. Schrader argues that Back's complaints to her superiors about the use of political considerations in making grants, making personnel decisions, and running the KOHS were statements made pursuant to her official job duties and are therefore not protected speech. *See id.*

The key issue presented by Schrader's motion is whether Back's expressions were made pursuant to her employment duties. The parties in *Garcetti* conceded that the disciplined plaintiff-employee engaged in speech pursuant to his official job duties. As a result, the Court had, "no occasion to articulate a comprehensive framework for defining the scope of an employee's duties in cases where there is room for serious debate." *Id.* at 1961. The Court nonetheless noted that the inquiry is "a practical one," and the Sixth Circuit's recent cases addressing *Garcetti* provide some guidance. *Id.; see Haynes v. City of Circleville*, 474 F.3d 357, 365 (6th Cir. 2007); *Bessent v. Dyersburg State Cmty. Coll.*, No. 06-5305, 2007 WL 959420 (6th Cir. Apr. 2, 2007); *Ibarra v. Lexington-Fayette Urban Co. Gov't*, No. 06-5671, 2007 WL 579670 (6th Cir. Feb. 23, 2007).

In her complaint, Back alleges that she had responsibility for the day-to-day administrative tasks of processing federal grant applications and funding for the office and for training the new employees in policies, procedures, and the requirements for administering the federal grants. She states that she was also

4

assigned the task of setting up the competitive grant application process, including a committee to review grant applications for federal Homeland Security Grants to local governments. Back was asked to assist in developing questionnaires and rating sheets to evaluate potential employees based on their knowledge and experience in the area of administration of federal grants. Back states that she voiced her concerns about the use of partisan political affiliation in the awarding of federal Homeland Security Grants and about the role of partisan politics in hiring.

In her response to Schrader's motion, Back does not dispute his claim that when she complained about the use of political considerations in the administration of the KOHS she was acting pursuant to her assigned duties. Based on the allegations in her complaint, all of Back's statements were made pursuant to the duties of her position at the KOHS. Back's speech is therefore unprotected as a matter of law. *See Garcetti*, 126 S. Ct. at 1960.

Schrader argues that the complaint only presents a claim for First Amendment retaliation based on the infringement of her freedom of speech and does not present a claim that the defendants violated her freedom of association. Contrary to Schrader's reading of the complaint, Back brought this action alleging that her termination was (1) based on the fact that she is a registered Democrat and (2) in retaliation for expressing her concerns regarding the use of political considerations in the administration

of the KOHS. (Compl. ¶ 37.) The Supreme Court's recent ruling in *Garcetti* does not displace the jurisprudence developed by courts that examined political patronage dismissals; therefore, Back's claim that she was fired because of her political association survives Schrader's motion.

The Court must now decide whether Hall is entitled to qualified immunity on Back's remaining freedom of association claim.[2] In its previous order, the Court set forth the applicable law on qualified immunity:

> Generally, government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining whether this standard is met, this Court must engage in a three-step analysis. First, it must determine whether the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred. Second, the Court must consider whether the violation was of a "clearly established right." Finally, the Court must assess whether the defendant's alleged conduct was objectively unreasonable in light of clearly established law. *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003).

(Mem. Op. & Order Sept. 29, 2006 at 4.)

It is unconstitutional for a public employer to make personnel decisions based on political beliefs, unless "the hiring authority

---

[2]Because Back objected to the defendants' actions pursuant to her official duties, she cannot establish that a constitutional violation of her freedom of speech occurred. As a result, she cannot show that this constitutional right was clearly established — the second prong of the qualified immunity analysis.

can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Branti v. Finkel*, 445 U.S. 507, 519 (1980). This is known as the *Branti* exception. Whether party affiliation is an appropriate requirement "is to be construed broadly, so as presumptively to encompass positions placed by the legislature outside of the 'merit' civil service." *McCloud v. Testa*, 97 F.3d 1536, 1542 (6th Cir. 1996) (citing *Rice v. Ohio Dep't of Transp.*, 14 F.3d 1133, 1143 (6th Cir. 1994)). This is known as the *Rice* canon.

Hall does not dispute that Back's former positions, Grants and Contracts Administrator and Internal Policy Analyst III, were classified as non-political merit positions. Instead, he claims that Back's probationary status changed the level of protection she enjoyed and made her susceptible to termination based on political patronage. Applying the *Rice* canon, Hall offers the following reasoning for his argument that Back's position as an Internal Policy Analyst III as of January 19, 2005, was political: If a state's laws do not expressly imbue a position with civil service protection, "it should be presumed to be political." (Def.'s Mot. 5). According to Hall, because Back was still in a probationary period and had not yet attained civil service protection, Back's position was political. Therefore, her termination for political reasons falls under the *Branti* exception.

Hall also cites to *Miracle v. Gable*, 452 S.W.2d 399 (Ky. 1970) to support his proposition that Kentucky allows political discrimination against probationary merit system employees. Hall argues that because *Miracle* states that a probationary employee can be terminated for "any reason, political or otherwise," Back falls within the exception to the constitutional rule against patronage dismissals. *Id.* at 400. But *Miracle* does not carry the weight Hall ascribes to it. Unreliable and not on point, the *Miracle* case is more than thirty years old, has never been cited to by a Kentucky court in a published opinion, and interpreted a personnel department rule rather than the merit system statute. Moreover, the statement that a merit employee with probationary status could be fired for political reasons is dicta because the case addressed the timeliness and notice, not the justification, of the employee's termination. *See id.* In any event, KRS § 18A.111 explains that during the six-month probationary period, an employee may be terminated and shall not have the right to appeal except as provided by KRS § 18A.095. KRS § 18A.095(15)(a) states that "any employee," or even any applicant, "who believes that he has been discriminated against, may appeal to the board." Finally, KRS § 18A.140 considers political discrimination in the same category as ethnic, gender, disability, and age discrimination. These statutes challenge Hall's argument and show that Kentucky law does not allow employees, even probationary merit system employees, to

8

be subjected to political discrimination.

Hall has not presented a viable argument that Back's position was "political." The *Rutan-Branti-Elrod* cases and their progeny make clear that the central issue in patronage cases is the nature of the job. *See Rutan v. Republican Party of Ill.*, 497 U.S. 62, 74 (1990); *Branti*, 445 U.S. at 518; *Elrod v. Burns*, 427 U.S. 347, 363 (1976). When the Sixth Circuit in *Rice* speaks of deference to the judgment of a state's elected officials, it means deference to their determination of the essential nature of the job. Since the Kentucky state legislature classified Grants and Contracts Administrator and Internal Policy Analyst III as merit system jobs, it clearly considered these positions non-political, and it strains credulity to argue that a probationary period somehow reverses this determination.

Hall has now had the opportunity to present his argument as to qualified immunity. His rationale, however, does not persuade this Court. Viewing the facts in the light most favorable to Back, the Court finds that the *Feathers* factors are present. Back (1) has alleged that her constitutional right was violated when she was terminated from her position because she is a Democrat, (2) has shown that the violation involved her clearly established constitutional right to freedom of association, and (3) has offered sufficient evidence to indicate that what Hall allegedly did was objectively unreasonable in light of her clearly established

constitutional right.  As a result, Hall is not entitled to qualified immunity as to Back's freedom of association claim.[3]

### III. Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That Defendant Joel Schrader's motion for judgment on the pleadings [Record No. 46] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART**;

(2) That Defendant Keith A. Hall's motion for qualified immunity [Record No. 44] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART**;

(3) That with respect to both motions, Back's freedom of expression claim be, and the same hereby is, **DISMISSED**; and

(4) That with respect to both motions, Back's freedom of association claim survives.

This the 3rd day of July, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge

---

[3] At the conclusion of his motion for judgment on the pleadings, Defendant Schrader raises the issue of qualified immunity. As anticipated by Schrader, the Court's reasoning upon which it bases its denial of Hall's motion for qualified immunity applies to Schrader as well.