UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| LINDA W. BACK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-05 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| JOEL SCHRADER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The plaintiff, Linda Back ("Back"), sued the defendant, Joel Schrader ("Schrader"), under 42 U.S.C. § 1983, alleging that Schrader fired her based on her political affiliation in violation of the First (and Fourteenth) Amendment. R. 1 at 10. Schrader filed a motion for summary judgment, R. 101, and in response, Back failed to establish a prime facie case of political affiliation discrimination against him, R. 106. Thus, his motion is granted and this action is dismissed.

## BACKGROUND

On February 18, 2010, the Court granted the motion for summary judgment that Keith Hall—formerly a defendant in this case—filed. R. 105. Hall was Schrader's supervisor from November 2004 through January 19, 2005, the date of Back's termination. R. 101, Ex. 14 ("Hall Dep.") at 4-7.[1] When Hall's motion for summary judgment was granted, the Court stated most of the material facts at issue in this case. R. 105 at 1-5. As a result, simply a brief summary of

---

[1] The deposition transcript appears to erroneously state Back was terminated in January 2004; however, the parties agree that Back was terminated in January 2005.

the facts is re-stated here, along with some additional facts that pertain only to Schrader's motion.

Before her termination, the plaintiff, Back, was a grants and contracts administrator for the Kentucky Office of Homeland Security ("KOHS"). R. 101, Ex. 1 ("Back Dep.") at 8-9. Her job was to help Kentucky entities get funding from the United States Department of Homeland Security. *Id.* In March 2004, Back's supervisor was Erwin Roberts, the Executive Director of KOHS. *Id.* at 10. Under Roberts, Back trained new employees and maintained responsibility for processing and administering the agency's federal homeland security grant applications. *Id.* at 12-13. In April 2004, the defendant, Schrader, became the Deputy Director of KOHS and Back's supervisor. *Id.* at 25.

After Schrader replaced Roberts as her supervisor, Back believed that the political affiliation of applicants affected the hiring practices at KOHS. Schrader asked applicants about their political affiliation, according to Back, and whether they supported the agenda of Governor Ernie Fletcher, a Republican. *Id.* at 51. Additionally, Back testified that job applications sent from the Governor's office asked applicants to identify whether they were Democrats or Republicans. *Id.* at 119-20.

According to Back, under Schrader, political affiliation appeared to be a determining factor in how grants were awarded, including grants to Jefferson County. Back Dep. at 117-18. She was instructed—without any explanation—not to talk to the Homeland Security representative from Jefferson County. *Id.* at 118. She does not know what happened with those awards since she was terminated shortly thereafter. *Id.* at 119. Moreover, Schrader apparently said that Democrats would not decide KOHS funding. *Id.* at 28. Similarly, a Democrat called

KOHS, and a KOHS employee said after the call that the caller would not get money because he is a Democrat. R. 101, Ex. 5 ("Wilkerson Dep.") at 48. In addition, Back testified that Schrader said Democratic judge-executives would not receive funding. Back Dep. at 35-36.

In November 2004, Governor Fletcher appointed Hall to be the Executive Director of KOHS. Hall Dep. at 4-5. Back reported to Schrader, and Schrader reported to Hall. *Id.* at 6. On January 19, 2005, Schrader informed Back that Hall wanted to see her in his office later that day. Back Dep. at 64. At the meeting, Hall informed Back that she was being terminated and Schrader handed her a termination letter.[2] *Id.* at 65.

On February 7, 2005, KOHS hired Tonya Hartley, a registered Democrat, to be a grants manager. R. 101, Ex. 6 ("Hartley Aff."); R. 101, Ex. 7 (Hartley's voter registration card). She was hired to fill Back's job duties but with a different title. Wilkerson Dep. at 24-25.[3] On January 1, 2006, KOHS hired another Democrat, Rebecca Miracle, who took Back's position. R. 101, Ex. 3 ("Flynt Aff."); R. 101, Ex. 8 (Miracle's voter registration card).

On January 17, 2006, Back filed this lawsuit. *See* R. 1. In previous opinions, the Court

---

[2] The parties dispute whether Back was on probationary status when she was terminated. In September 2004, she took a new position and Schrader contends that when she accepted that position she was put on a probationary status. R. 101 at 3. The Court need not reach this question since summary judgment is appropriate in any event.

[3] Back argues that the Court should not rely on the testimony of Susan Wilkerson, another grants manager at KOHS, to determine whether Hartley replaced Back, because Wilkerson did not have supervisory authority over Back. R. 106 at 3. While Wilkerson may not have known every aspect of Back's job, she did work as a grants manager and had personal knowledge of Hartley's hiring. Moreover, Back failed to provide evidence to the contrary to demonstrate that Hartley did not replace her. Hence, Back does not dispute that Hartley replaced Back but only whether Wilkerson had personal knowledge to speak to the purpose of Hartley's hiring. She does.

dismissed most of her claims and some of the original defendants. *See Back v. Hall*, 537 F.3d 552, 555 (6th Cir. 2008) (stating the procedural history of this case). On February 18, 2010, Back's political affiliation claims against Hall were dismissed. *See* R. 105. Only Back's political affiliation claims against Schrader remain in this case. *Id.* Back alleges that Schrader violated her First Amendment rights when he terminated her because she is a Democrat. *See* R. 1.

## DISCUSSION

Schrader is entitled to qualified immunity, and as a result, Back's political affiliation discrimination claims are barred. To determine whether qualified immunity applies, a court must decide whether (1) the facts that a plaintiff has alleged or shown make out a violation of a constitutional right and (2) the right at issue was "clearly established" at the time of a defendant's alleged misconduct. *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Because the right to be free from termination based on political affiliation is clearly established, the sole question is whether Back has shown a violation of her constitutional rights. *Back*, 537 F.3d at 556. She must, among other things, present evidence: (1) that Schrader knew of her political affiliation, and (2) that her political affiliation was a "substantial" or "motivating" factor in Schrader's decision to terminate Back. *Hall v. Tollett*, 128 F.3d 418, 425 (6th Cir. 1997); *Back*, 537 F.3d at 558 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Back has failed to present evidence of either prong.

Back's claims are also dismissed because Schrader has shown that Back would have been terminated based on her performance at KOHS—regardless of political considerations. *Kreuzer v. Brown*, 128 F.3d 359, 363 (6th Cir. 1997) (citing *Mt. Healthy*, 429 U.S. at 287). So even if

4

Back's political affiliation was a "substantial" or "motivating" factor in Schrader's decision to terminate Back, the result would be the same here. Consequently, Back's claims against Schrader must be dismissed.

I. **Knowledge of Back's political affiliation**

Back did not make out a prima facie case of discrimination, because there is no evidence that Schrader knew or had reason to know that Back was a Democrat. *See Hall*, 128 F.3d at 425 ("We find that plaintiff Hall has failed to set forth evidence that is sufficient to support a conclusion defendant knew or had reason to know of her support for Avery York in the general election. Without such evidence, she has failed to raise a genuine issue as to whether she was fired in retaliation for her support for defendant's political opponents."); *see also Welch v. Ciampa*, 542 F.3d 927, 938-39 (1st Cir. 2008) (stating that the plaintiff must show the defendant has knowledge of her political affiliation to establish a prima face case of political discrimination (quoting *Martinez-Vélez v. Rey-Hernández*, 506 F.3d 32, 39 (1st Cir. 2007))). Schrader was asked about Back's political affiliation in his deposition and stated the following:

> Q. Were you aware of Linda's political affiliation when you all made the decision to terminate her?
>
> A. Not that I can recollect, because her political affiliation was not an issue. No.

R. 101, Ex. 13 ("Schrader Dep.") at 120. She even admitted in her deposition that she never discussed her Democratic affiliation with Schrader. Back Dep. at 70 ("Q. Did you ever specifically discuss your political affiliation with Joel? A. No."). In response to Schrader's evidence, Back provides no evidence—direct or circumstantial—to show that Schrader knew her

5

political affiliation. Schrader cannot be liable for firing Back because she is Democrat unless he knew or had reason to know she was a Democrat. Back's claims fail on this most basic requirement of discrimination claims.

## II.    "Substantial" or "motivating factor"

Assuming Back had provided evidence that Schrader knew or had reason to know she was a Democrat, Back still needed to show that her Democratic affiliation was a "substantial" or "motivating" factor in Hall's decision to terminate her. *Back*, 537 F.3d at 558 (citing *Mt. Healthy*, 429 U.S. at 287); *see Conklin v. Lovely*, 834 F.2d 543, 546-47 (6th Cir. 1987). Back did not. To show that her party affiliation was a factor in her termination, Back points to: Schrader's hiring practices, including questions he asked at interviews; how Republicans were allegedly favored in KOHS funding decisions; and a KOHS employee that was purportedly on a "hit list." Looking at this evidence individually or together, nothing suggests that her Democratic affiliation was a "substantial" or "motivating" factor in Back's termination, especially since two Democrats replaced her.

### A.    Hiring practices

The evidence in the record supports Schrader's position that Back's Democratic affiliation played no role—let alone a substantial or motivating one—in his recommendation to terminate Back. Most significantly, a Republican did not replace Back. Two Democrats replaced her. *See* Hartley Aff.; Flynt Aff. That fact strongly favors finding that Back's political affiliation was not a substantial or motivating factor in Schrader's decision.

Back infers from Schrader's questioning during an interview that he preferred applicants

that were Republicans. Her argument rests on two questions that Schrader purportedly asked when he interviewed Nina Parker. Back Dep. at 51. He asked Parker about her "political persuasions" and whether she supported the agenda of Governor Fletcher, a Republican. *Id.* Schrader disputes that he asked Parker about her "political persuasions." Schrader Dep. at 29-30. Even if he did, Back's argument fails. Parker was a Democrat and she was still hired. Back Dep. at 71. Parker's interview cuts in favor of Schrader since it shows that he hires Democrats—not that he fires them. Back did not cite any evidence that Schrader—with or without knowledge of the person's political party—*ever* hired a Republican or fired a Democrat, outside of her own termination. *Cf. Conklin*, 834 F.2d at 547 (testimony of the plaintiff's co-worker stating that she was discharged for political activities is circumstantial evidence of political affiliation discrimination). Hence, there is no evidence that Schrader hired or fired based on political party. In addition, Parker's interview is completely irrelevant to Back's termination. Parker interviewed for a non-merit position. Schrader Dep. at 36; R. 101, Ex. 10 ("Andrews Aff.") ¶ 2. While Back was a merit employee protected from political affiliation discrimination, Parker was applying for a position where political affiliation can be a consideration. *See Collins v. Voinovich*, 150 F.3d 575, 577 (6th Cir. 1998) (stating that party affiliation can be an appropriate requirement for some public offices). Back does not dispute that Parker was applying for a non-merit position. Back has not presented any evidence that Schrader asked about political affiliation or support of Governor Fletcher's agenda in interviews for merit jobs. The fact that Schrader asked about political affiliation in Parker's interview does not indicate that he would do the same in a merit interview where it may be inappropriate. Back is comparing apples and oranges.

Back asserts that political affiliation played a role in her termination because some of the employment applications that KOHS used asked for political party affiliation. Schrader admitted that applications for non-merit positions asked for the applicant's political party. Schrader Dep. at 19. As stated earlier, consideration of political party is permitted for those jobs. *See Collins*, 150 F.3d at 577-78. Again, applications that ask for political affiliation for non-merit positions do not demonstrate that Schrader improperly hired Republicans for merit positions. Back could have provided evidence that the applications calling for political party were used for merit jobs; she did not. Additionally, there is no evidence that Schrader implemented the applications. Thus, Back did not prove that he—as opposed to someone else in the administration—caused the alleged political affiliation-based hiring.

### B. Funding practices

Back attempts to show that Schrader favored Republicans when he gave KOHS grants. Back appears to argue that a jury could infer that Schrader likewise preferred Republicans in employment decisions. But Back's argument about Schrader's funding practices rests on speculative office talk alone. She fails to provide evidence from which a jury could infer that funding was actually awarded based on a political party affiliation. For example, Back claims Schrader said that Democrats would not decide KOHS funding. Back Dep. at 28. The statement does not show that Schrader favored Republicans in funding. It, at most, shows that Schrader preferred Republicans to be funding decision-makers. But the evidence contradicts this inference since Parker and Back's replacements were involved in funding decisions and were Democrats hired during Schrader's term. Back did not provide evidence that Schrader in reality only

permitted Republicans to make funding decisions. In other words, he may have made that statement without acting upon it. In addition, Schrader may have felt Republicans would fund the type of projects that were consistent with KOHS's goals. That preference for Republican decision-makers would not necessarily result in Democrats receiving less KOHS funding if their projects met the correct criteria. Back could have shown that grant applications with Republican connections got preference from Schrader but she did not.

Back mentions that she was told not to speak to the Homeland Security representative from Jefferson County about funding. Back Dep. at 117-18. As stated, this evidence has no effect on the result here. Did Jefferson County receive funding? If not, did a Democrat represent the county? Did a county represented by a Republican get the funding instead? Back could have received answers to these questions in discovery and cited the evidence in her response brief. She did not and, as a result, presents an undercooked record.

After a Democrat called KOHS, someone in the office purportedly said that the caller was not going to get the money because he was a Democrat. Wilkerson Dep. at 48. Such statements may trouble Back, but they do not indicate that any funding decisions were actually made because of political party affiliation. Back needed to show the statements reflected outcomes in funding or how funding decisions were made at KOHS. Likewise, Back's testimony that Schrader said Democratic judge-executives would not get funding is nothing more than talk without corroborating evidence. Back Dep. at 35-36. Back could have obtained evidence that only Republican judges received funding. She did not.

Back's speculation that Republicans were favored in funding decisions is based on

statements that—taken together or separately—do not prove that Schrader had a propensity to favor Republicans over Democrats. Back could have easily provided a complete record but she did not. And the Court will not speculate on the meaning of provocative office talk.

   C.   The "hit list"

Back argues that a KOHS employee was on an alleged "hit list" of Democrats that Governor Fletcher's administration wanted to terminate. R. 106 at 6. Presumably, this is the same "hit list" cited in Back's response to Hall's motion for summary judgment. *See* R. 98, Ex. 1. However, no KOHS employee was on that "hit list." R. 105 at 7. Both Schrader and Wilkerson testified that Lisa Wilder was on an alleged "hit list." Schrader Dep. at 22; Wilkerson Dep. at 45-46. But Wilder was neither a KOHS employee nor a Democrat. *Id.* She worked in the same building as KOHS but for a different Kentucky office. Schrader Dep. at 22. Back needed to connect Schrader or herself to the alleged "hit list" to allow an inference that Schrader's decision to terminate Back was because of her Democratic affiliation. She did not.

## III.   Non-political considerations

Even if Back had shown that her political affiliation was a "substantial" or "motivating" factor in her termination, her claim would fail because Schrader has proven that Back would have been terminated without political considerations. *Kreuzer*, 128 F.3d at 363 (citing *Mt. Healthy*, 429 U.S. at 287). Schrader provided a variety of opinions—beyond his own—indicating that Back would have been terminated because of her performance at KOHS. Her previous supervisor, Erwin Roberts, noted that she had issues with initiative, communication with others,

and teamwork. R. 101, Ex. 2 ("Roberts Aff.") ¶ 6.[4] According to Roberts, Back did not respond to his recommendation that she work on these areas. *Id.* Andrew Cline, a deputy director at KOHS, and Back's peers had similar opinions of her performance. *See* R. 101, Ex. 9 ("Cline Aff.") ¶¶ 3-4; R. 101, Ex. 12 ("McCubbin Aff."); R. 101, Ex. 11 ("DeGarmo Aff."); Wilkerson Dep. at 34[5]; R. 101, Ex. 4 ("Clarke Dep.") at 9-10. All of these opinions demonstrate that even if she were a Republican, Back would have been terminated because of her performance.

Back gives no evidence in response to show that she performed well. Instead, she merely says that Schrader has "yet to provide any credible evidence as to Back's poor job performance." R. 106 at 6. To the contrary, Schrader cited a plethora of evidence to support his position that Back's performance caused her termination. Back, without explanation, states that the opinions Schrader provides are argumentative, conclusory allegations that are a pretext for discriminating against her, a Democrat. R. 106 at 4. She provides no basis to support this argument. Thus, Back's claims fail because Schrader has shown that Back would have been terminated notwithstanding the alleged political considerations.

---

[4] Back claims that she was "never written up or otherwise admonished for poor performance." R. 106 at 3. She provides no evidence to support this conclusion. Significantly, she does not explain the affidavit of Roberts, her former supervisor, which contradicts her position that she was never admonished for poor performance.

[5] Back seems to question whether Wilkerson can testify to Back's performance because she did not recall the errors that Back made or why the work was unsatisfactory. R. 106 at 3. This objection does not demonstrate that Wilkerson lacked personal knowledge of Back's work but that Wilkerson could not explain in a complete manner why she believed Back had performance issues. Thus, Back's objection is overruled. Regardless, if Wilkerson's testimony was excluded, there is still more than enough evidence to conclude that Back would have been terminated if she was a Republican.

## CONCLUSION

Back did not make out a prima facie case of political affiliation discrimination against Schrader for three reasons. First, she did not show that Schrader knew or had reason to know Back was a Democrat. Second, she did not establish that her Democratic affiliation was a substantial or motivating factor in Schrader's decision to terminate her. Finally, Schrader demonstrated that Back would have been terminated even without political considerations because of her work performance at KOHS. Taking the evidence together, qualified immunity bars her claims against Schrader—the only claims remaining in this suit—and the claims are, hence, dismissed.

Accordingly, it is **ORDERED** as follows:

1) Schrader's motion for summary judgment, R. 101, is **GRANTED**.

2) Any other pending motions are **DENIED AS MOOT**, and any scheduling proceedings, including the pretrial conference and jury trial, are **SET ASIDE**.

3) A Judgment shall be entered contemporaneously with this opinion in favor of the defendants.

This the 27th day of May, 2010.



Signed By:
*Amul R. Thapar* AT
United States District Judge