UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| LINDA WELLS BACK, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06-05-ART |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION &** |
| KEITH A. HALL, et al., | ) **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

It's true what they say: "Anything worth doing is worth doing right." The parties have litigated this case for over six years, and in that time they have appeared before three district court judges and before the Sixth Circuit twice. Yet the case remains, and despite an already long discovery process, it must go forward for additional discovery. Plaintiff Linda Back's case has been slowly chipped away over the years, and the Court recognizes in this opinion that yet another defendant, Keith Hall, is no longer a party to this suit. But because Back's free speech claim against Defendant Joel Schrader was dismissed prematurely, Back never had an adequate opportunity to develop discovery on this claim and must be allowed to do so. For now, Schrader's second motion for summary judgment is denied without prejudice.

## BACKGROUND

From February 2003 to January 2005, Linda Wells Back worked in civil-service positions for the Kentucky Office of Homeland Security ("KOHS"). R. 55 at 1–2. When Back was first hired as a grants and contracts administrator, *id.* at 2, a

Democratic governor served in office. R. 12 at 1. But the November 2003 election brought a Republican to the Governor's Mansion. *Id.* Since Back was a merit-system employee under Kentucky Revised Statute ("KRS") chapter 18A, the political transition did not directly affect her job. The change in administration, however, did lead to new Republican leadership at KOHS. Still, Back and newly appointed Executive Director Erwin Roberts got along well. Under Roberts's direction, Back assisted in training new employees and administering KOHS's federal homeland security grant applications. R. 117 at 1–2. The same could not be said when defendant Joel Schrader became KOHS Deputy Director in April 2004. Soon after, Back began complaining that Schrader considered political affiliation when awarding grants and hiring new employees. *Id.* at 2. Back alleges that she was excluded from the hiring process as a result of these complaints. *Id.*

In spite of these allegations, Back continued to enjoy a good relationship with Roberts—so much so that Roberts tried to promote Back to a non-civil service job. *Id.* Back refused, and Roberts instead appointed Back to the position of Internal Policy Analyst III. *Id.* But even in her new role, Back continued to complain about how Schrader administered grants. *Id.*

In October 2004, Roberts left KOHS and was replaced by defendant Keith Hall. *Id.* Not long thereafter, the situation came to a boiling point. In January 2005, Schrader and Hall met with Back to give her a letter of termination. *Id.* A year later, Back filed a complaint alleging she was fired in retaliation for exercising her First Amendment rights of free speech by complaining about political affiliation

considerations and freedom of association for being a registered Democrat, along with other state law claims. R. 1.

Back initially named Hall, Schrader, then-KOHS Executive Director Alecia Webb-Edgington, and the Commonwealth of Kentucky as defendants. *Id.* A few months later, this Court dismissed Back's claims against Webb-Edgington and the Commonwealth. R. 12 at 2–3. This Court also dismissed Back's claims against Hall and Schrader in their *official* capacities, but denied motions to dismiss Back's First Amendment claims against Hall and Schrader in their *individual* capacities. *Id.* at 3–5. Judge Karen Caldwell, who was assigned the case at the time, would eventually recuse herself after a motion by Back. R. 31; R. 37.

The case was transferred to then-Chief Judge Joseph Hood. Hall immediately moved to reconsider Judge Caldwell's ruling that allowed Back's First Amendment claims to continue. R. 40. Judge Hood granted this motion and ordered supplemental briefing. R. 45. Subsequently, Schrader filed a motion for judgment on the pleadings. R. 46. On July 3, 2007, Judge Hood dismissed the free speech claims against Hall and Schrader. R. 55 at 3–6. Basing his decision on *Garcetti v. Ceballos*, 547 U.S. 410 (2006), Judge Hood held that Back's complaints were made in the course of performing her official duties and "therefore unprotected as a matter of law." *Id.* at 5. But Judge Hood allowed Back's freedom of association claims to go forward against both Hall and Schrader, holding that qualified immunity did not apply because Back adequately alleged a clearly established constitutional violation. *Id.* at 6, 9. Hall and Schrader appealed Judge Hood's rulings on the freedom of association claims, but the Sixth Circuit affirmed. R. 117 at 3.

3

Once remanded, the case was reassigned to the undersigned. R. 59. After discovery between the parties, Hall and Schrader filed separate motions for summary judgment. R. 89; R. 101. The Court granted both. R. 105; R. 108. Back appealed to the Sixth Circuit, arguing that the Court erred in granting (1) Schrader's motion for judgment on the pleadings, (2) Hall's motion for summary judgment, and (3) Schrader's motion for summary judgment. R. 121-1 at 8. At the outset of its order, the Sixth Circuit concluded that Back "effectively abandoned" her claims against the Commonwealth and Webb-Edgington because she did not appeal those rulings. R. 117 at 3. The Sixth Circuit then affirmed summary judgment for both Hall and Schrader. *Id.* at 8. But it held that the Court granted judgment on the pleadings prematurely, *id.* at 5, reasoning that "further development" was warranted because "Back's allegations regarding her job duties and the content of her speech were sufficiently different from the facts of *Garcetti*," and the parties had not yet conducted any discovery showing otherwise, *id.*

On remand, Schrader filed a second motion for summary judgment. R. 127. Back filed a Rule 56(d) affidavit in response, R. 128, requesting a continuance of the motion in order to take additional discovery. *See* Fed. R. Civ. P. 56(d)(2).

## DISCUSSION

### I.   Back Abandoned Her Claims Against Hall

As an initial matter, the parties dispute which defendants remain in the suit after the Sixth Circuit's decision. R. 123. But a review of the record and the Sixth Circuit opinion makes it clear that Back abandoned her only potential claim against Hall. Her claim against Schrader is the only remaining claim left in this suit.

4

### A. Judge Hood's July 3, 2007, Order

When the case appeared in front of Judge Hood, Back had four claims against two defendants: (1) a free speech claim against Hall, (2) a free speech claim against Schrader, (3) a freedom of association claim against Hall, and (4) a freedom of association claim against Schrader. Judge Hood's July 3, 2007, order dismissed both free speech claims but kept both freedom of association claims. R. 55. Understanding what the order did, and more importantly *how* it did it, is the first step to realizing that Back never appealed Judge Hood's dismissal of the free speech claim against Hall.

In his opinion, Judge Hood recognized that Schrader and Hall were asking for the same thing—throw out both of Back's claims against them. But each defendant relied on different grounds. Judge Hood read Hall's motion to reconsider as requesting relief based on qualified immunity. *Id.* at 2. Schrader, on the other hand, argued that Back did not have a cognizable claim because she did not engage in protected activity. *Id.*

Judge Hood dismissed Back's free speech claim against Schrader first, agreeing that Back did not engage in protected activity. Judge Hood noted that under *Garcetti*, public employees who make statements pursuant to their official duties are not speaking as citizens for First Amendment purposes. *Id.* at 3 (quoting *Garcetti*, 547 U.S. at 421). He then determined that "[b]ased on the allegations in her complaint, all of Back's statements were made pursuant to the duties of her position," making her speech unprotected as a matter of law. *Id.* at 5. Thus, Back could not maintain her free speech claim against Schrader. Judge Hood next held that *Garcetti*

5

was irrelevant to Back's freedom of association claim, leaving Back with one claim against Schrader. *Id.* at 5–6.

Judge Hood then turned to Back's claims against Hall and immediately determined that qualified immunity protected Hall against the free speech claim. Admittedly, this determination was brief—extremely brief. In fact, Judge Hood dismissed this claim in a footnote. *See id.* at 6 n.2. But however brief, the reasoning is clear: because Back did not engage in protected activity under *Garcetti*, she could not establish that she had a clearly established constitutional right. *Id.* This negated the second prong of the qualified immunity analysis. *See id.* at 6 (citing *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003) (noting the three parts of the qualified immunity analysis: (1) a constitutional violation occurred, (2) whether the violation was a clearly established right, and (3) whether the defendant's conduct was objectively reasonable in light of clearly established law). Thus, Back could not maintain her free speech claim against Hall. Judge Hood then determined that qualified immunity did not protect Hall against Back's freedom of association claim.

As a result of the order, Back was left with just two claims: (1) a freedom of association claim against Hall and (2) a freedom of association claim against Schrader. The Court eventually disposed of both claims after Hall and Schrader filed summary judgment motions at the conclusion of discovery. R. 105; R. 108.

### B. Back Did Not Appeal Judge Hood's Qualified Immunity Ruling

Back did not appeal Judge Hood's ruling that qualified immunity protected Hall from Back's free speech claim. Back only identified three rulings for appeal—both Hall's and Schrader's summary judgments, and Schrader's judgment on the

pleadings. *See* R. 121-1 at 8. The headings in the argument section of Back's brief and the arguments themselves confirm that Back was focused on "Schrader's Motion for Judgment on the Pleadings," *id.* at 16, and "Hall & Schrader['s] Summary Judgment[s]," *id.* at 26.

In fact, the only party that raised Judge Hood's qualified immunity ruling was Hall. In his appellee brief, Hall stated in a footnote—a strategic move, no doubt—that "Back has not appealed the [order] granting Mr. Hall's Motion to Reconsider." R. 119 at 11 n.1. Back had the opportunity to reply to Hall's brief for almost a year, but did not. Additionally, Back did not address this issue before the Sixth Circuit panel because she, along with Hall and Schrader, waived oral argument. R. 117 at 1. Thus, it is clear from the record that Back failed to raise a challenge to Judge Hood's qualified immunity ruling. As a result, she waived any argument that Hall was not entitled to qualified immunity. *See Pagan v. Fruchey*, 492 F.3d 766, 769 n.1 (6th Cir. 2007) ("Having failed to challenge [the qualified immunity determination] of the district court's order in his briefing, Pagan has waived any argument that the district court's decision respecting Chief Fruchey was incorrect.").

The Sixth Circuit may have indirectly negated the underpinnings of Judge Hood's qualified immunity analysis, but this did not reverse the ruling. Judge Hood determined that qualified immunity applied with respect to Back's freedom of speech claim because *Garcetti* meant that Back did not engage in protected activity. The Sixth Circuit determined that it was too early in the litigation to decide whether or not *Garcetti* applied, but this was in response to Schrader's judgment on the pleadings. Back's challenge to the *Garcetti* analysis generally is not the same as challenging

7

Hall's qualified immunity protection. The Sixth Circuit's *Garcetti* review was limited to the question of whether Back had an actionable claim against Schrader. In reviewing the ruling, the Sixth Circuit simply had to determine whether, after taking material allegations in Back's pleading as true, Schrader was "nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The court decided that there was not enough information to make this determination.

But review of a qualified immunity analysis is different. Qualified immunity analysis has three parts, and the Sixth Circuit generally goes through each part in order to determine whether qualified immunity applies. *See, e.g., Holzemer v. City of Memphis*, 621 F.3d 512, 519 (6th Cir. 2010). The Sixth Circuit conducts de novo review of a district court's qualified immunity ruling, *id.*, requiring the Sixth Circuit to make an independent determination without regard to the district court's reasoning. *See Flint ex rel. Flint v. Ky. Dep't. of Corr.*, 270 F.3d 340, 349 (6th Cir. 2001). Thus, if the Sixth Circuit reviews a qualified immunity determination, it will independently determine whether there is (1) a constitutional right (2) that is clearly established, and (3) a showing that what the defendant did was objectively unreasonable in light of a clearly established constitutional right. *Holzemer*, 621 F.3d at 519. That did not happen in this case. At no point did the Sixth Circuit engage in a qualified immunity analysis of this claim. This is significant because even if the court disagreed with the application of *Garcetti*, de novo review means the Sixth Circuit could have relied upon other grounds to apply qualified immunity. In fact, Hall's original motion

asking for qualified immunity did not include a *Garcetti* analysis at all. Hall believed qualified immunity applied for other reasons. *See* R. 44-2 at 2-12. But Back never gave the Sixth Circuit the opportunity to review any of this. It surely is not the Sixth Circuit's job to hunt down issues, raise them for the parties, and then decide them. Rather, the parties have an obligation to put the issues squarely in front of the court. Here, Back did not. Thus, she abandoned her free speech claim against Hall, just as she abandoned claims against the Commonwealth and Webb-Edgington. And after the Sixth Circuit affirmed summary judgment on the freedom of association claim, Back was left with no claims against Hall.

## II.     Additional Discovery Is Necessary

Schrader moves for summary judgment on Back's free speech claim, R. 127-1, the only claim left. But Back never had the opportunity to develop this claim in discovery. Federal Rule of Civil Procedure 56(d) permits a court to allow discovery prior to ruling on a motion for summary judgment if "a nonmovant shows by affidavit" that it cannot present facts "essential to justify its opposition." The Sixth Circuit has "interpreted Rule 56[d] as requiring a party opposing a summary judgment motion to file an affidavit that 'indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Gettings v. Bldg. Laborers Local 310*, 349 F.3d 300, 305 (6th Cir. 2003) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). Where the nonmovant makes this showing, a court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Although Back's counsel's affidavit, R. 128, suffers from vagueness, it contains two key points that justify discovery. First, counsel correctly stated that since Back's free speech claim was dismissed at the outset, she did not tailor discovery to this issue. *Id.* ¶ 10. Now that Back's free speech claim has been restored, it is helpful—and accurate—to view this case as if we are back at the outset. And it is well understood that "[t]ypically, when the parties have no opportunity for discovery, denying the Rule 56[d] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

Second, counsel noted that it is still unknown whether Back was speaking in her capacity as a KOHS employee when she complained about Schrader's tendency to consider political affiliation. *Id.* ¶ 11. This is precisely the reason the Sixth Circuit remanded the case, and discovery on this question is essential to Back's free speech claim. *See Bobo v. United Parcel Serv., Inc.*, __ F.3d __, 2012 WL 34264, at *9 (6th Cir. Jan. 9, 2012) (overturning a district court's denial of a Rule 56(d) motion because the plaintiff did not have the opportunity to discover "critical elements of the claim"). In contrast, Back's job duties had nothing to do with her freedom of association claim. The concern there was whether the defendants knew about and fired Back for being a registered Democrat. Given this deficiency, not allowing Back additional discovery would violate a fundamental assumption of the summary judgment standard: that the nonmoving party has had adequate opportunity for discovery. *See La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 334 (6th Cir. 2010) (quoting *Ball*, 385 F.3d at 719-20 (noting that it is "well-established that the plaintiff must

10

receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment"); *Klemencic v. Ohio State Univ.*, 263 F.3d 504, 509 (6th Cir. 2001) (quoting *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) ("Summary judgment is appropriate if a party, after adequate opportunity for discovery, 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'").

Schrader cites several cases in which courts granted summary judgment notwithstanding a Rule 56(d) affidavit, R. 129 at 4-5, but all are inapposite. In each of those cases, the nonmovant wanted *more* discovery time for claims that were active throughout the litigation. *See, e.g.*, *Cacevic*, 226 F.3d at 488 (granting summary judgment on a § 1983 retaliation claim where plaintiff failed to file a proper Rule 56(d) affidavit or respond to court orders); *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999) (finding qualified immunity where plaintiffs had not shown through discovery a genuine issue of material fact as to the falsity of information contained in a letter); *Tate v. Boeing Helicopters*, 140 F.3d 654, 661 (6th Cir. 1998) (finding plaintiffs had ample opportunity for discovery for a four-year-old claim). Here, Back never had the opportunity to take discovery directly related to her free speech claim. This is not a case where a party has simply "been lazy or dilatory" and "failed to take advantage of discovery." *Jackson v. Int'l Fiber Corp.*, 395 F. App'x 275, 280 (6th Cir. 2010); *see also Siler v. Webber*, 443 F. App'x 50, at *7 (6th Cir. 2011) ("Plaintiffs had plenty of time and leeway to resolve discovery issues, and they must suffer the consequences of their attorneys' failure to do so."). In fact, even if

11

Back tried to take discovery on her dismissed free speech claim, this Court would not have allowed it. *See, e.g.*, *Ziss Bros. Constr. Co. v. City of Independence*, 439 F. App'x 467, 480 (6th Cir. 2011) ("[B]ecause the district court dismissed [the plaintiff's claims] for failure to state a claim, Plaintiff was not entitled to discovery on these claims.").

Ultimately, and regardless of the vagueness of the affidavit, not allowing Back the opportunity to develop discovery on her free speech claim would likely cause substantial prejudice. *See Huss v. King Co., Inc.*, 338 F.3d 647, 651 (6th Cir. 2003) (stating that parties must have "an opportunity to present evidence relating to [a] newly revived issue" and that "[f]ailure to do so might in some circumstances cause substantial prejudice"). Thus, the Court will not rule on the motion for summary judgment when Back has not yet had a full bite at the apple.

## CONCLUSION

Accordingly, it is **ORDERED** that Schrader's second motion for summary judgment, R. 127, is **DENIED WITHOUT PREJUDICE**. The remaining parties—Back and Schrader—must conduct discovery with regards to Back's free speech claim. A telephone conference is needed to set a discovery schedule. It is **ORDERED** that a telephone conference is **SCHEDULED** for **Wednesday**, **February 8, 2012** at **2:30 p.m.** Back and Schrader's counsel must **DIAL IN** to this conference call **five minutes early** by following these steps:

(1) Call AT&T Teleconferencing at 1-877-873-8017;

(2) Enter access code 8284218 (followed by "#"); and

(3) When requested, enter the security code, 1166 (followed by "#").

This the 3rd day of February, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge